UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL T. WEST,

    Plaintiff,

v.

FAMILY PRESERVATION
DEPARTMENT, LLC, doing business as
FAMILY INDEPENDENCE AGENCY,
JOSELYNN SALUS, AMY STRICT,
ASHTON CATOO, HENRY FORD
HOSPITAL, JANE DOE 1, and JANE
DOE 2,

    Defendants.

_____/

Case No. 2:22-cv-13140
District Judge Mark A. Goldsmith
Magistrate Judge Kimberly G. Altman

**REPORT AND RECOMMENDATION TO DENY
PLAINTIFF'S MOTIONS FOR DEFAULT JUDGMENT (ECF Nos. 23, 24)**[1]

I.    Introduction

This is a civil rights case under 42 U.S.C. § 1983. Plaintiff Michael T. West (West), proceeding *pro se*, is suing Henry Ford Hospital, the Family Preservation Department, LLC, and various individuals alleging violations of his constitutional rights stemming from the removal of his newborn son from his custody. *See* ECF

---

[1] Upon review of the motions, the undersigned deems these matters appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

1

No. 1. Under 28 U.S.C. § 636(b), pretrial matters have been referred to the undersigned. (ECF No. 10).

West has waived service by the United States Marshal and elected to serve defendants himself. (ECF No. 8). At this time, no defendant has appeared or taken any other action in this case.

Before the Court are West's motions for entry of default and for default judgment. (ECF Nos. 23, 24). One motion is directed at the Family Preservation Department, Joselynn Salus, and Amy Strict, (ECF No. 23), and the other motion is directed at Henry Ford Hospital and Ashton Catoo, (ECF No. 24). For the reasons that follow, it is RECOMMENDED that the motions be DENIED.

II.   Background

West filed the complaint on December 28, 2022. (ECF No. 1). About a month later, on January 25, 2023, the Court granted West's request to proceed *in forma pauperis*. (ECF No. 7). As noted above, West elected to waive service by the United State Marshal and serve defendants himself. (ECF No. 8). Summons for each defendant were issued on March 2, 2023. (ECF No. 9).

In the following months, West attempted service by certified mail. However, as explained in the order regarding service entered on May 23, 2023, it does not appear that any defendant has been properly served. The order summarized the status of service on each defendant as follows:

2

A review of the docket suggests that none of the defendants have been properly served. The current status as to service for each defendant is as follows.

- **Family Preservation Department** — Per ECF No. 16, an individual named Katie Henwood signed as an "agent" for the Family Preservation Department on March 24, 2023.

- **Amy Strict** — Per ECF No. 17, an individual named Katie Henwood signed as an "agent" for defendant Amy Strict on March 24, 2023.

- **Joselynn Salus** — Per ECF No. 18, an individual named Katie Henwood signed as an "agent" for defendant Joselynn Salus on March 24, 2023.

- **Ashton Catoo & Henry Ford Hospital** – Per ECF Nos. 12, 13, 19, West has yet to obtain signed green cards from either Ashton Catoo or Henry Ford Hospital.

West appears to have attempted service on the Family Preservation Department, Amy Strict, Joselynn Salus, and Ashton Catoo at the same address. An internet search reveals that the address used is for Oakland Family Services. Oakland Family Services is not a defendant in this case, but one or more of the individual defendants may work for Oakland Family Services.

(ECF No. 22, PageID.96-97 (internal footnote omitted)).

The order gave West 60 days from May 23, 2023, to properly serve each defendant. (*Id*., PageID.99).

It is not clear whether West received the Court's May 23, 2023 order regarding service before he filed the instant motions for entry of default and for default judgment on May 30, 2023.

3

III. Legal Standard

Under Federal Rule of Civil Procedure 55, a plaintiff must follow a two-step process to obtain a default judgment against a defendant. Fed. R. Civ. P. 55. First, under subsection (a), a plaintiff must request and obtain the Clerk's entry of default against the defendant. Fed. R. Civ. P. 55(a). Second, under subsection (b), a plaintiff must move for entry of a default judgment either by the clerk or the district court. Fed. R. Civ. P. 55(b).

IV. Discussion

West's motions for entry of default and for default judgment should be denied because "sufficient service of process is a prerequisite to entry of default." *Millhouse v. Seleshi*, No. 2:21-cv-5210, 2021 WL 5832706, at *1 (S.D. Ohio Dec. 9, 2021), *report and recommendation adopted*, 2022 WL 93336 (S.D. Ohio Jan. 10, 2022) (citing *Thomas v. Quantum Cmty. Dev. Corp.*, No. CV 16-11954, 2017 WL 4296404, at *2 (E.D. Mich. Aug. 24, 2017), *report and recommendation adopted*, 2017 WL 4251826 (E.D. Mich. Sept. 26, 2017)). As explained in the Court's order regarding service, West has not satisfied the prerequisite of sufficient service of process. That order explained:

> Here, no defendant has signed a return receipt. While signed return receipts were submitted for the Family Preservation Department, Amy Strict, and Joselynn Salus, they were all signed by an individual named Katie Henwood. It is unknown who this individual is and what, if any, relationship she has with these three defendants. Moreover, the service packets for Amy Strict, Joselynn Salus, and Ashton Catoo were all

> mailed to Oakland Family Services. Even if these individuals are employees of Oakland Family Services, it would nonetheless be improper to serve them at their workplace.

(ECF No. 22, PageID.98-99).

In support of one of his motions, West submitted a letter dated April 14, 2023, from a law firm affiliated with Oakland Family Services. (ECF No. 23, PageID.104). In the letter, the firm acknowledged that it was aware of the case and that it was planning to file responsive pleadings. (*Id.*). However, as previously mentioned, Oakland Family Service is *not* a named defendant in this case. Thus, it is irrelevant whether Oakland Family Service is aware of the case. Further, because Oakland Family Services is not a named defendant, it is not required to respond to the complaint or otherwise participate in the case.

In sum, because West has failed to properly serve any of the named defendants, his motions for entry of default and for default judgment should be denied.

V. Conclusion

For the reasons stated above, it is RECOMMENDED that West's motions for default and default judgment, (ECF Nos. 23, 24), be DENIED. As stated in the order regarding service, West is reminded that he has 60 days from May 23, 2023, *i.e.*, until July 24, 2023, to properly serve each named defendant in this case.

| | |
|---|---|
| Dated: June 1, 2023 | s/Kimberly G. Altman |
| Detroit, Michigan | KIMBERLY G. ALTMAN |
| | United States Magistrate Judge |

### **NOTICE TO PARTIES REGARDING OBJECTIONS**

The parties to this action may object to and seek review of this Report and Recommendation. Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections,

6

in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 1, 2023.

s/Carolyn M. Ciesla
CAROLYN M. CIESLA
Case Manager
