UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL T. WEST,

    Plaintiff,                                  Case No. 22-cv-13140

v.                                                      HON. MARK A. GOLDSMITH

FAMILY PRESERVATION DEPARTMENT et al.,

    Defendant.

_____/

**ORDER
(1) ACCEPTING THE RECOMMENDATION CONTAINED IN THE MAGISTRATE JUDGE'S REPORT & RECOMMENDATION DATED JUNE 1, 2023 (Dkt. 25) AND (2) DENYING PLAINTIFF'S MOTIONS FOR DEFAULT AND DEFAULT JUDGMENT (Dkts. 23, 24)**

This matter is presently before the Court on the Report and Recommendation (R&R) of Magistrate Judge Kimberly G. Altman, issued on June 1, 2023. In the R&R, the Magistrate Judge recommends that the Court deny Plaintiff Michael T. West's motions for default and default judgment (Dkts. 23, 24).

The parties have not filed objections to the R&R, and the time to do so has expired. See Fed. R. Civ. P. 72(b)(2). The failure to file a timely objection to an R&R constitutes a waiver of the right to further judicial review. See Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."); Smith v. Detroit Fed'n of Teachers, 829 F.2d 1370, 1373-1374 (6th Cir. 1987) (failure to file objection to R&R "waived subsequent review of the matter"); Cephas v. Nash, 328 F.3d 98, 108 (2d Cir. 2003) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point."); Lardie v.

Birkett, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) ("As to the parts of the report and recommendation to which no party has objected, the Court need not conduct a review by any standard."). However, there is some authority that a district court is required to review the R&R for clear error. See Fed. R. Civ. P. 72 Advisory Committee Note Subdivision (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Therefore, the Court has reviewed the R&R for clear error. On the face of the record, the Court finds no clear error and accepts the recommendation.

Accordingly, West's motions for default and default judgment (Dkts. 23 and 24) are denied.

SO ORDERED.

Dated: September 22, 2023  s/Mark A. Goldsmith
Detroit, Michigan  MARK A. GOLDSMITH
United States District Judge