UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL T. WEST,

      Plaintiff,                                Case No. 22-cv-13140

v.

                                                      HON. MARK A. GOLDSMITH

JOSELYNN SALUS et al.,

      Defendants.
_____/

**<u>OPINION & ORDER</u>**
**<u>(1) ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (Dkts. 61, 68); (2) GRANTING HENRY FORD HEALTH SYSTEM'S MOTION TO DISMISS (Dkt. 56); and (3) GRANTING CATOO, HENWOOD, STRICT, AND OAKLAND FAMILY SERVICES' MOTION FOR SUMMARY JUDGMENT (Dkt. 66)</u>**

Before the Court is Henry Ford Health System's motion to dismiss (Dkt. 56) and Ashton Catoo, Katie Henwood, Oakland Family Services, and Amy Strict's motion for summary judgment (Dkt. 66). On November 19, 2024, Magistrate Judge Kimberly G. Altman issued a Report and Recommendation (11/19/24 R&R) recommending that the Court grant both motions. (Dkt. 68). The R&R further recommends that the Court sua sponte dismiss Family Preservation Department and the Doe Defendants. Id.

Earlier in this case, on June 26, 2024, the Magistrate Judge issued a Report and Recommendation (6/26/24 R&R) recommending that the Court dismiss Joselynn Salus without prejudice for failure to prosecute. (Dkt. 61). This R&R is also before the Court. Plaintiff Michael West has filed objections to both R&Rs. See 12/3/24 Obj. (Dkt. 69); 12/23/24 Obj. (Dkt. 70). For the reasons set forth below, the Court overrules the objections and adopts both R&Rs in full.

## I. BACKGROUND

The full relevant factual background is set forth in the 11/19/24 R&R. See 11/19/24 R&R at 3–4.

## II. ANALYSIS

### A. The 6/26/24 R&R

As a threshold matter, the Court rejects West's objections to the 6/26/24 R&R because they are untimely. West, who is proceeding pro se, was served with the 6/26/24 R&R via regular U.S. Mail. See 6/26/24 Text-Only Certificate of Service. Under Federal Rule of Civil Procedure 6(d), because service on West was made by mail, "3 days are added after the period would otherwise expire under Rule 6(a)." Under Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d), West had 14 days to object to the R&R. Accordingly, West's deadline for filing objections to the 6/26/24 R&R was July 15, 2024.[1]

West did not file objections by this deadline. Instead, on December 23, 2024, he filed an objection and request for an extension of time. See 12/23/24 Obj. (Dkt. 70). This was well past the deadline.

The failure to file a timely objection to an R&R constitutes a waiver of the right to further judicial review.[2] See Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress

---

[1] Because the original deadline of July 13, 2024 fell on a Saturday, Rule 6(a)(1)(C) places the deadline on the next day that is not a Saturday, Sunday, or legal holiday, which was July 15, 2024.

[2] Even so, the Court has reviewed West's objections and finds that, even if they had been timely filed, West waived them for failing to raise these arguments before doing so for the first time in his objections. West's 38-page filing contains over a dozen statements that could be liberally interpreted as objections to the 6/26/24 R&R and arguments about why Salus should not be dismissed. See 12/23/24 Obj. Indeed, West had the opportunity to make many, if not all, of these arguments in response to the Court's May 21, 2024 Order directing him to show cause why Salus should not be dismissed. See 5/21/24 Order (Dkt. 60, PageID.416). West did not show cause by the deadline. Thus, the Magistrate Judge never had the opportunity to consider West's arguments in the first instance. West cannot raise them now, for the first time, in an objection. See Murr v.

intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."); Smith v. Detroit Fed'n of Teachers, 829 F.2d 1370, 1373–1374 (6th Cir. 1987) (failure to file objection to R&R "waived subsequent review of the matter"); Cephas v. Nash, 328 F.3d 98, 108 (2d Cir. 2003) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point.").

As to West's request for an extension of time to file his objection, Rule 6 states that the Court may, for good cause, extend the time if a request is made before the original time expires. Fed. R. Civ. P. 6(b)(1)(A). Clearly, West's request was not made before the original time expired. Rule 6 also provides that the Court may extend a deadline after the original time has expired "if a motion is made," and "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).

The Supreme Court explains that there is "a range of possible explanations for a party's failure to comply with a court-ordered deadline." Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship., 507 U.S. 380, 387 (1993). It has adopted a "flexible understanding" of the meaning of "excusable neglect," which includes "both simple, faultless omissions to act and, more commonly, omissions caused by carelessness." Id. at 390–392; (discussing the term "excusable neglect" and the court's flexible interpretation of the term in both Rule 6 and the Bankruptcy Rules, which use the same term).

West's explanation for why he did not file timely objections is not clear in his filing. The

---

United States, 200 F.3d 895, 902 n.1 (6th Cir. 2000). Nor did West seek an extension before or after the show cause deadline, though, in his objection, he acknowledges receiving the 5/21/24 show cause order before the Magistrate Judge issued the R&R. These arguments are, therefore, waived.

3

Court has read all 38 pages, and it appears that the following is West's explanation:

> Salus should not be dismissed; because, plaintiff received the court's orders to show cause, two days prior to receiving the order of dismissal. The mail lady wont deliver the mail when stray dogs are in the neighborhood,); thus, Plaintiff received the Order to show cause two days prior to receiving the order of dismissal.

12/23/24 Obj. at PageID.602 (errors in original).

This is not a reason for excusable neglect. West fails to explain why, after receiving the show cause order and dismissal order, he did not move for an extension of the deadline earlier. Instead, he waited five months to do so. Accordingly, the Court declines to extend West's deadline.

There is some authority that a district court is required to review the R&R for clear error. See Fed. R. Civ. P. 72 Advisory Committee Note Subdivision (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). The Court has reviewed the 6/26/24 R&R for clear error. On the face of the record, the Court finds no clear error and accepts the recommendation.

Joselynn Salus is dismissed without prejudice.

B. The 11/19/24 R&R

West filed timely objections to the 11/19/24 R&R. See 12/3/24 Obj. However, as the 11/19/24 R&R states, West failed to respond to Catoo, Henwood, Strict, and Oakland Family Services's motion for summary judgment.[3] Id. While his objections are not a model of clarity, it appears at least some portions of them may relate to the motion for summary judgment. See 12/3/24 Obj. He cannot raise these arguments for the first time in his objections. See Murr v.

---

[3] As the 11/19/24 R&R states, Henry Ford Health System's motion to dismiss was fully briefed ahead of the R&R's issuance. See 11/19/24 R&R at 2. Though, as further noted in the R&R, West's response brief was dated three days before the due date, though it was docketed almost two months later. See 11/19/24 R&R at 2, fn. 2.

4

United States, 200 F.3d 895, 902 n.1 (6th Cir. 2000) ("Petitioner's failure to raise this claim before the magistrate constitutes waiver."). Nor did West seek an extension to file his opposition brief either before or after the deadline. Thus, the arguments he makes in his objections related to the summary judgment motion are waived.

Even so, the Court has reviewed the objections and finds they lack merit. West makes three objections. First, he objects to the R&R's summary of the allegations in the case. 12/3/24 Obj. at PageID.596. He states:

> The correct interpretation of the allegations are that: on September 3, 2018, Plaintiffs son was born at the Henry Ford Hospital; however, plaintiff claims are that defendants conspired to allege and did allege an exigent circumstance that did not exist, failed to write the mandated report, and concealed that absence of an exigent circumstance used to remove my child, and had no order of removal even to his very day.

Id. (errors in original).

This objection—which generally disagrees with the facts that the R&R sets forth, is not a proper objection. See Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995) ("[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed.") The R&R's factual background section is just that—factual background. The Magistrate Judge is not obligated to include every detail of the facts as one party—or another—sees them. Nor does West's objection specify how or why a different iteration of the facts constitute a specific error in the R&R's reasoning or analysis. Accordingly, the objection is overruled.

West's second objection regards the "Legal Standard" portion of the R&R. He states:

> Plaintiff objects to the report to the extent it indicates that the dismissal of Joselynn Salus should result in the entire case being dismissed; that is, where all defendants were sued in their personal and official capacities; that is, were a suit against an official in that official's official capacity, is a suit against the municipality.

12/3/24 Obj. at PageID.597 (errors in original).

5

This objection is difficult to understand. However, the Court interprets it as relating to the 6/26/24 R&R's dismissal of Salus. The Court has already adopted the 6/26/24 R&R and the objection is moot. To the extent West is making a different argument in this objection, the Court cannot discern its meaning. It is therefore overruled because it fails to raise specific grounds "without explaining the source of the error." Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 509 (6th Cir. 1991).

West's third objection is, again, unclear. However, it appears that he objects to the R&R's summary of the parties' arguments regarding res judicata. He states:

> By contributing to the known absence of said exigent circumstance, and discharging my son to cps in absence of Cps being in possession of an order of removal. West also alleged that res judicata does not apply because the cause of action is not the same, the defendants are not the same; that is, plaintiff and defendants are different in family court than they here in this federal court, the relief requested is not the same, their was no court of competent jurisdiction because defendants received their order of removal from the family court preliminary examination, and not from a judge at a removal hearing that sought an ex parte order of removal.

12/3/24 Obj. at PageID.598 (errors in original).

West already presented arguments regarding res judicata, which the Magistrate Judge considered and rejected. See 11/19/24 R&R. West does not cite a specific legal error in the R&R's reasoning. Accordingly, the objection is overruled because it fails to raise specific grounds "without explaining the source of the error." Howard, 932 F.2d at 509.

The Court has reviewed the 11/19/24 R&R for clear error. On the face of the record, the Court finds no clear error and accepts the recommendation.

### III. CONCLUSION

Accordingly, the Court adopts the 6/26/24 R&R (Dkt. 61) and the 11/19/24 R&R (Dkt. 70). Joselynn Salus is dismissed without prejudice for the reasons set forth in the 6/26/24 R&R. Henry Ford Health System's motion to dismiss (Dkt. 56) is granted. It is dismissed with prejudice.

Catoo, Henwood, Strict, and Oakland Family Services's motion for summary judgment (Dkt. 66) is granted. They are dismissed with prejudice. The Court also accepts the 11/19/24 R&R's recommendation that the remaining Defendants, Family Preservation Department and the Doe Defendants, be sua sponte dismissed without prejudice for the reasons set forth in the 11/19/24 R&R.[4]

    SO ORDERED.

Dated: March 21, 2025                                     s/Mark A. Goldsmith
Detroit, Michigan                                    MARK A. GOLDSMITH
                                                             United States District Judge

---

[4] The 11/19/24 R&R recommends sua sponte dismissal of the Family Preservation Department and the Doe Defendants. 11/19/24 R&R at 20–21. As to the Family Preservation Department, the R&R explains that it appears this department is a division or subset of Oakland Family Services, which does not appear to be an entity that can be sued. Id. at 20. The Magistrate Judge originally identified this issue in the order to show cause why Joselyn Salus should not be dismissed. See 5/21/24 Show Cause Order, at 3–4. Additionally, the Magistrate Judge highlighted West's failure to serve this party again in the 6/26/24 R&R. See 6/26/24 R&R at 3, n.2. The Family Preservation Department remains unserved. Sua sponte dismissal is appropriate because this party was never served. 11/19/14 R&R at 20. Additionally, the Court agrees with the 11/19/24 R&R that, to the extent Family Preservation Department is a subset of Oakland Family Services, it should be dismissed for the same reasons as Oakland Family Services, as explained in the R&R.

    As to the Doe Defendants, the 11/19/24 R&R notes that West had taken no steps to identify them since filing the complaint. Discovery is closed and they remain unidentified and unserved. Therefore, sua sponte dismissal of the Does without prejudice is proper, as explained in the 11/19/24 R&R, because no claims remain against any named defendants. 11/19/24 R&R at 20–21.